**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **THURSDAY LLC** | ) | |
| | ) | |
|   **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **KLHIP, INC.,** | ) | **Case No. 8:17-cv-01587-CEH-AAS** |
| | ) | |
| **RICHARD D. MARGIANO, PLLC,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **RICHARD D. MARGIANO,** | ) | |
| | ) | |
|   **Defendants.** | ) | |
| | ) | |

## AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for its Amended Complaint against Defendants Klhip, Inc. ("Klhip"), including its claims against newly-added Defendants Richard D. Margiano and his law firm Richard D. Margiano, PLLC (collectively, "Margiano"), Plaintiff Thursday LLC ("Thursday") states as follows:

## The Parties

1.    Thursday is a Florida limited liability company with a principal place of business in Clearwater, Florida.

2.    Thursday's business involves the online sale of personal care items including a fingernail clipper sold under the Harperton Klipit brand name.

3.    A major source of Thursday's sales are made via the Amazon.com, Inc., online sales platform ("Amazon").

1

4.      Klhip is an Idaho corporation with a principal place of business in Idaho that is a competitor of Thursday.

5.      Klhip sells a novelty fingernail clipper under the name KLHIP.

6.      The KLHIP product is visually very distinct from and is sold at a price point far higher than the Klipit.

7.      Margiano is comprised of, on information and belief, a New York based attorney and his professional service limited liability company, the member of which is a New York resident.

8.      Margiano has, at all times relevant hereto, acted on behalf of or in concert with Klhip.

9.      This lawsuit centers upon the defendants' civil conspiracy to unfairly and tortiously interference with Thursday's sales of its Klipit product on Amazon by lodging false claims with Amazon concerning Thursday's business which has resulted in repeated interruptions in Thursday's ability to sell on Amazon.

## Jurisdiction and Venue

10.      This Court has subject matter jurisdiction over this matter pursuant to 28 USC § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

11.      This Court also has subject matter jurisdiction over this matter pursuant to 28 USC § 1331 and 28 USC § 1338(b) because Thursday's claims against Klhip include ones for unfair competition joined with a substantial and related claim under trademark law.

12.      Venue is proper in this District because a substantial part of the events giving rise to the claims at issue here occurred in Pinellas County.

## Statement of Operative Facts

13.    Beginning in July 2016 Defendants have engaged in a pattern of harassment of Thursday by initiating false and fraudulent claims with Amazon about Thursday's business.

14.    On or about July 20, 2016, Defendants submitted a complaint to Amazon falsely claiming that Thursday's Klipit product violated Klhip's intellectual property.

15.    As a consequence of that false accusation, Amazon temporarily suspended Thursday's sales of the allegedly infringing products.

16.    A copy of the notification from Amazon advising Thursday of the suspension is attached as Exhibit A hereto.

17.    The "rights owner" identified in Exhibit A is "Richard Margiano" who is identified with an email address that points to a domain owned by Defendant Margiano.

18.    Over the course of the next several days, Amazon and Thursday communicated with the result that Amazon permitted the relisting of the products because those products did not infringe Klhip's intellectual property.

19.    As a result of the defendants' false accusation, Thursday lost a week of sales of the delisted products and the loss of sales volume had a persistent negative effect on Thursday's listings via the Amazon rankings algorithms.

20.    On or about October 22, 2016, the defendants on information and belief made a second false and fraudulent complaint to Amazon, this time posing as a customer of Amazon and claiming that Thursday was either not the Klipit brand owner or was a counterfeiter.

21.    As a result of the defendants' second false accusation, Thursday's products were again delisted.

3

22.     After another round of communication with Amazon, Thursday's products were relisted after a four-day interruption in sales.

23.     As with the prior delisting, the loss of sales volume had a persistent negative effect on Thursday's listings via the Amazon rankings algorithms.

24.     On or about June 2, 2017, the defendants made a third false and fraudulent claim to Amazon, again claiming that Thursday was infringing Klhip's intellectual property.

25.     A copy of the notification from Amazon advising Thursday of the third suspension is attached as Exhibit B hereto.

26.     The "rights owner" identified in Exhibit B is "Francis DiGrazia" who is identified with an email address that redirects to a domain owned by Defendant Margiano.

27.     As with the prior events, Amazon investigated Klhip's claim, found it meritless, and relisted Thursday's merchandise after a three-day loss of sales and concomitant reduction in ranking due to the loss of sales  and search volume.

28.     On June 30, 2017, Thursday received notice that the defendants had made a fourth complaint to Amazon, again alleging that Thursday infringed Klhip's intellectual property rights, as a result of which Thursday's sales were, again, delisted.

29.     A copy of the notification from Amazon advising Thursday of the fourth suspension is attached as Exhibit C hereto.

30.     The "rights owner" identified in Exhibit C is "Agent Kate" who is identified with an email address that redirects to a domain owned by Defendant Margiano.

31.     As with the three prior complaints, Amazon investigated the defendants' allegation of infringement, found it to be baseless, and relisted Thursday's products after three days' interruption in sales.

32.     Despite the pendency of this lawsuit, Defendants submitted a fifth complaint to Amazon on or about September 23, 2017, again falsely claiming that Thursday infringed Klhip's trademark.

33.     A copy of the notification from Amazon advising Thursday of the suspension is attached as Exhibit D hereto.

34.     The "rights owner" identified in Exhibit D is "Margiano Kate" who is identified with the email address "margiano2016@gmail.com".

35.     As with the four prior complaints, Amazon investigated the defendants' allegation of infringement, found it to be baseless, and relisted Thursday's products after further interruption in sales.

36.     All five of the defendants' complaints to Amazon were false, known to be false by the defendants at the time they were made, and were substantiated to be false after investigation by Amazon.

37.     At no point in time did Thursday ever sell or offer for sale any counterfeit products, nor did it ever infringe defendants' intellectual property.

38.     On information and belief, the reason that Defendant Margiano used a string of different "complainant" identities (ie, "Francis DiGrazia", "Agent Kate", and "Margiano Kate" in addition to at least one complaint in his own name) and concealed his direct involvement in lodging the complaints against Thursday was to exploit Amazon's automated systems which would flag multiple complaints made by the same complainant using the same email address.

39.     By deliberately concealing his identity in order to game Amazon's take-down system, Margiano made false and misleading statements of fact to Amazon for the sole purpose of causing improper interruption in Thursday's business on behalf of Klhip.

40.     As a law practitioner and practice in the State of New York, Margiano is legally prohibited from knowingly making false statements of fact or law to third persons in the course of representing a client.

41.     Each of the defendants' baseless and false complaints to Amazon have literally halted Thursday's sales.

42.     The combination of Klhip's baseless and false complaints has had a lasting negative impact on Thursday's sales and has caused irreparable harm to Thursday's reputation as a seller on Amazon.

43.     The total loss of revenue caused by Klhip's false complaints to Amazon is in excess of $250,000.

## Count One
(Unfair Competition 15 USC § 1125)

44.     Thursday restates the above as if set out fully herein.

45.     Defendants misrepresented the characteristics and qualities of Thursday's products in their repeated complaints to Amazon, which is the marketplace in which Thursday's good are sold.

46.     Klhip is a competitor of Thursday.

47.     Klhip's false and misleading statements to Amazon were made for the purpose of influencing consumers to buy Klhip's goods by having Thursday's goods removed from commerce.

48.     Thursday has been damaged in an amount in excess of $250,000 due to Klhip's repeated misrepresentations to Amazon.

## Count Two
(Declaratory Judgment 28 USC § 2201)

49.     Thursday restates the above as if set out fully herein.

50.     There is an actual controversy surrounding whether Thursday has violated any intellectual property rights of Klhip, including any trademarks, copyrights, or patents held by Klhip.

51.     Thursday requests the Court to declare that Thursday has not violated, and is not violating, any intellectual property owned by Klhip.

## Count Three
(Tortious Interference with Business Relationship)

52.     Thursday restates the above as if set out fully herein.

53.     Thursday has a business relationship with Amazon and with the consuming public via Amazon.

54.     Defendants are aware of these business relationships and have repeatedly interfered with them by making false accusations about Thursday to Amazon.

55.     Defendants have no right to make the false accusations they have made.

56.     Thursday has been damaged in an amount in excess of $250,000 as a result of the defendants' tortious interference.

## Count Four
(Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq.)

57.     Thursday restates the above as if set out fully herein.

58.     The defendants' conduct in making repeated false statements to Amazon for the sole purpose of interfering with Thursday's business on Amazon is deceptive and

unfair as to Thursday and to Thursday's customers because it wrongly deprives them of an opportunity to purchase Thursday's products.

59.     The defendants are liable to Thursday in an amount in excess of $250,000 plus attorney fees as a result.

## Count Five
(Defamation)

60.     Thursday restates the above as if set out fully herein.

61.     By lodging five false complaints with Amazon, the defendants knowingly or negligently published false and defamatory information about Thursday which caused Thursday actual damages.

62.     The defendants are liable to Thursday in an amount in excess of $250,000 plus attorney fees as a result.

## Count Six
(Civil Conspiracy)

63.     Thursday restates the above as if set out fully herein.

64.     By deliberately concealing his identity with Amazon by using a different alias with each of the five complaints he made on behalf of Klhip, Defendant Margiano acted illegally or beyond his employment on behalf of Klhip.

65.     As a result of his illegal conduct, Margiano is liable as a civil conspirator with Klhip for all of the damages incurred by Thursday due to Klhip's tortious conduct.

## Count Seven
(Request For Injunctive Relief)

66.     Thursday restates the above as if set out fully herein.

67.     Thursday will suffer irreparable harm if the defendants continue their campaign of tortious business interference via lodging fraudulent complaints on Amazon.

8

68.     The defendants must be enjoined from continuing to tortiously interfere with Thursday's business.

WHEREFORE, Plaintiff Thursday LLC, requests this Court to:

A.      Award Thursday damages in an amount to be determined at trial;

B.      Declare that Thursday is not in violation of any intellectual property rights owned by Klhip;

C.      Enjoin Defendants from tortiously interfering with Thursday's business relationships with Amazon and its customers; and

D.      Award Thursday any other relief to which it is entitled.

### Jury Demand

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, for all issues so triable Plaintiff Thursday LLC demands a jury of the maximum amount of jurors allowed by law.

Respectfully Submitted,

 /s/ Ross M. Babbitt

Ross M. Babbitt (Ohio 0072946)
Admitted *pro hac vice*
Ross M. Babbitt Co., LPA
1382 West 9th Street
Suite 220
Cleveland, Ohio  44113
Phone:  (216) 623-6346
rbabbitt@babbitt-lawfirm.com

Thomas G. Long, Esq.
Florida Bar Number 367321
BARNETT, BOLT, KIRKWOOD,
LONG & KOCHE
601 Bayshore Boulevard, Suite 700
Tampa, Florida 33606
(813)253-2020 / (813) 251-6711 – Facsimile
tlong@barnettbolt.com

*Counsel for Thursday LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Ross M. Babbitt*

Attorney for Plaintiff