UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THURSDAY LLC,

    Plaintiff,

v.                                                     Case No: 8:17-cv-1587-T-36AEP

KLHIP INC., RICHARD D. MARGIANO
and RICHARD D. MARGIANO, PLLC,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant Richard D. Margiano's and Defendant Richard D. Margiano, PLLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 50).[1] In the Motion, the Margiano Defendants argue that this Court lacks personal jurisdiction over them because Plaintiff's Amended Complaint makes no allegations of personal jurisdiction and because the Margiano Defendants are not subject to general personal jurisdiction in Florida. The Margiano Defendants further argue that none of the events giving rise to Plaintiff's claim occurred in this District and, therefore, venue is improper. Plaintiff Thursday LLC ("Plaintiff") filed a response in opposition (Doc. 51). The Court, having considered the parties' submissions and being fully advised in the premises, will deny the Margiano Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

---

[1] Defendant Richard D. Margiano ("Richard Margiano") and Defendant Richard D. Margiano, PLLC ("Margiano, PLLC") will be referred to collectively as the "Margiano Defendants." The Margiano Defendants and Defendant Klhip, Inc. ("Klhip") will be referred to collectively as the "Defendants." Klhip previously filed a motion to transfer, which the Court denied. Doc. 25; Doc. 55.

I. **BACKGROUND**

Plaintiff, a Florida limited liability company, sells personal care items, including a fingernail clipper sold under the Harperton Klipit brand name ("Klipit"). Doc. 13, ¶¶ 1-2. Many of Plaintiff's sales are made through Amazon.com, Inc., an online sales platform ("Amazon"). *Id.*, ¶ 3. Klhip, an Idaho corporation, is a competitor of Plaintiff. *Id.*, ¶ 4. Klhip sells a novelty fingernail clipper under the name "KLHIP." *Id.*, ¶ 5. The KLHIP is visually distinct from the Klipit. *Id.*, ¶ 6. The KLHIP is also sold at a price point far higher than the Klipit. *Id.*

The Margiano Defendants, a New York based attorney (Richard Margiano) and his professional service limited liability company (Margiano, PLLC), acting on behalf of or in concert with Klhip, repeatedly harassed Plaintiff by initiating false and fraudulent intellectual property infringement claims with Amazon about Plaintiff's business on five separate occasions between July 20, 2016 and September 23, 2017. *Id.*, ¶¶ 7-8, 13-14, 20, 24, 28, 32. The Margiano Defendants deliberately concealed their identities to exploit Amazon's automated system for the purpose of causing improper interruption to Plaintiff's business. *Id.*, ¶¶ 38-39.

Each time an infringement claim was made, Amazon temporarily suspended Plaintiff's sales. *Id.*, ¶¶ 15, 19, 21, 27-28, 35. Each of the five times, Amazon investigated the infringement claim, found it to be baseless, and relisted Plaintiff's products after an interruption in sales. *Id.*, ¶ 35. All five of the infringement complaints to Amazon were false and were substantiated to be false after investigation by Amazon. *Id.*, ¶ 36.

The interruption in sales caused irreparable harm to Plaintiff's reputation as a seller on Amazon. *Id.*, ¶ 42. Plaintiff estimates its total revenue loss to be in excess of $250,000. *Id.*, ¶ 43. Plaintiff has never sold or offered for sale any counterfeit products and has never infringed Klhip's intellectual property. *Id.*, ¶ 37.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff filed the instant lawsuit in this Court on June 30, 2017 against Klhip. Doc. 1. On October 3, 2017, Plaintiff filed an Amended Complaint adding the Margiano Defendants. Doc. 13. The same day, Plaintiff also filed a motion for preliminary injunction[2] against all Defendants. Doc. 14.

Richard Margiano appeared *pro hac vice* as counsel for Klhip, preparing motions, notices, declarations, and responses on Klhip's behalf. Doc. 11; Doc. 18; Doc. 19-1; Doc. 25; Doc. 26; Doc. 27-1; Doc. 30. On November 9, 2017, Plaintiff filed two verified returns of service attesting its inability to effect process on either of the Margiano Defendants. Doc. 34; Doc. 35.

The Magistrate Judge noticed the motion for preliminary injunction for hearing, to take place on November 30, 2017. Doc. 31. On November 28, 2017, Richard Margiano, on behalf of "Defendants," filed a motion requesting that the hearing take place by phone or that the hearing be continued. Doc. 37. Plaintiff opposed that request and filed a response alleging that the Margiano Defendants were evading service of process and that Plaintiff was concerned that the Margiano Defendants' "refusal to appear in Florida is related to that course of conduct." Doc. 38.

The Magistrate Judge denied the request for the hearing to take place by phone or to be continued, and held the hearing as scheduled on November 30, 2017. Doc. 40. Counsel for Plaintiff and co-counsel for Klhip, attorney Joel Ewusiak, appeared at the hearing. *Id.* Richard Margiano did not appear at the hearing. *Id.*; Doc. 41. At the hearing, the Magistrate Judge expressed concern regarding Richard Margiano's appearance as counsel of record for Klhip and alleged simultaneous evasion of service of process on behalf of himself, individually, and Margiano, PLLC.

---

[2] The motion for preliminary injunction was referred to the Magistrate Judge for report and recommendation. Doc. 15.

Plaintiff and Klhip informed the Magistrate Judge that it was their intention to stipulate to the relief sought by Plaintiff in its motion for preliminary injunction. Doc. 41. Klhip's co-counsel, Ewusiak, represented that he understood based on his conversations with Richard Margiano that the Margiano Defendants would stipulate to the relief as well, despite Plaintiff's inability to serve them. *Id.*

On December 1, 2017, Plaintiff and Klhip filed a stipulation agreeing that all Defendants would refrain from communicating with Amazon relating to products sold by Plaintiff, including the Klipit, during the pendency of this civil action. Doc. 42. The stipulation further stated, "[a]s represented in court, undersigned counsel for Klhip [Ewusiak] continues to believe that [Richard] Margiano and his firm [Margiano, PLLC], as parties to this case, also consent to the relief, but undersigned counsel [Ewusiak] is not retained by [Richard] Margiano and [Margiano, PLLC] to act as his counsel, so he is unable to sign the stipulation on his behalf." *Id.*

On December 4, 2017, Richard Margiano filed a notice of joinder with the Court, stating that he and Margiano, PLLC joined the stipulation filed on December 1, 2017 by Plaintiff and Klhip. Doc. 43. On the same day, Richard Margiano signed waivers of service on behalf of himself and Margiano, PLLC. Doc. 47; Doc. 48. On December 11, 2017, the Court granted Plaintiff's motion for preliminary injunction. Doc. 44.

Thereafter, on December 20, 2017, counsel for Plaintiff and Defendants, including Richard Margiano, met by telephone to conduct a case management conference for the purpose of preparing a case management report. Doc. 52, p. 3. On December 26, 2017, Richard Margiano, on behalf of the Margiano Defendants, filed the instant Motion to Dismiss. Doc. 50.

### III. LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). A court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214, n. 6 (11th Cir. 1999). To withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident defendant. *Id*. at 1214. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in the plaintiff's favor. *Madara*, 916 F.2d at 1514.

The question of whether personal jurisdiction exists over a non-resident defendant is answered through a two-step analysis. *Internet Sol. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. *Future Tech. Today*, 218 F.3d at 1249. Second, if the court determines that the forum state's long-arm statute has been satisfied, the court must then decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id*. The Due Process Clause is satisfied if the defendant has "minimum contacts" with the forum state and "the exercise of . . . jurisdiction

over [the] defendant" does not "offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

Motions to dismiss for improper venue are governed by Federal Rule of Civil Procedure 12(b)(3). The general venue statute is 28 U.S.C. § 1391(b) which provides that a case may be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Eleventh Circuit has noted that there are "cases in which venue will be proper in two or more districts." *Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371 (11th Cir. 2003). In determining where venue is proper, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Id.* Moreover, courts in this District have found that "[a] plaintiff is not required to select the venue with the most substantial nexus to the dispute, as long as it chooses a venue where a substantial part of the events giving rise to the claim occurred." *Careplus Health Plans, Inc. v. Crespo*, No. 8:05CV2010-T-27-MAP, 2006 WL 1382102, at *2 (M.D. Fla. May 19, 2006) (internal quotation marks omitted).

## IV. DISCUSSION

### A. The Margiano Defendants Waived Their Personal Jurisdiction and Venue Defenses

Before analyzing the parties' submissions, the Court will address the issue of wavier. Lack of personal jurisdiction and improper venue are both waivable defenses. Fed. R. Civ. P. 12(h)(1).

"In the typical waiver scenario" these defenses are abandoned when a defendant fails to raise them in either a responsive pleading or a Rule 12 motion. *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006) (citing *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1364 (11th Cir. 2006)); *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). However, a defendant may also waive lack of personal jurisdiction and improper venue when he or she "substantially participates in the litigation without actively pursuing" those defenses. *Matthews*, 431 F. Supp. 2d at 1223 (collecting cases with respect to personal jurisdiction). *See also Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985) ("[T]he right to object to improper venue may be waived in any of several ways: by express waiver, by conduct amounting to waiver as a matter of law, or by failure to interpose a timely and sufficient objection.").

At least one court in this District has previously addressed waiver in a context very similar to that here. In *Gainesville Coins, LLC v. VCG Ventures, Inc.*, the defendant moved to dismiss the complaint for lack of personal jurisdiction after it had stipulated to a preliminary injunction and participated in a case management conference. No. 8:13–cv–1402–T–30MAP, 2013 WL 4596968, at *2 (M.D. Fla. Aug. 28, 2013). The defendant had not reserved its right to contest the court's jurisdiction over it at either the preliminary injunction stage or during the case management conference. *Id.* Under these facts, the court held that the defendant had waived its defense of lack of personal jurisdiction. *Id. See also Aeration Sols., Inc. v. Dickman*, 85 Fed. Appx. 772, 774 (Fed. Cir. 2004) ("[F]ew actions . . . more clearly signal an acceptance of a court's jurisdiction than signing a stipulated injunction order. Such an action, without reservation, expressly indicates a party's willingness to submit itself to the equitable powers of the court.").[3]

---

[3] *See also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Beta Constr. LLC*, No. 8:10–cv–1541–T–26TBM, 2010 WL 4316573, at *1 (M.D. Fla. Oct. 26, 2010) (holding that the defendant waived the right to assert the defense of lack of

Here, the Margiano Defendants joined the stipulation agreeing to refrain from certain conduct as provided in Plaintiff's motion for preliminary injunction. Doc. 42; Doc. 43. The Margiano Defendants also participated in the case management conference held for the purpose of preparing the parties' case management report. Doc. 52. Both of these events occurred before the Margiano Defendants filed the instant Motion to Dismiss. And, the Margiano Defendants did not object to the Court's jurisdiction or reserve the right to object to the Court's jurisdiction in either the notice of joinder or the case management report. Doc. 42; Doc. 43; Doc. 52. Nor does it appear that the Margiano Defendants objected to the Court's jurisdiction at any other point in the litigation prior to the Motion to Dismiss.

As in *Gainesville Coins, LLC*, the Margiano Defendants waived their personal jurisdiction and venue defenses by participating in the litigation as described above without making or reserving any objection. However, as will be discussed *infra*, even if the Margiano Defendants did not waive these defenses, the Court still properly maintains jurisdiction over this case because it may exercise personal jurisdiction over the Margiano Defendants and because venue is proper.

### B.     The Court Has Personal Jurisdiction Over the Margiano Defendants

1. *Florida's Long-Arm Statute*

Florida's long-arm statute permits personal jurisdiction over non-residents under two circumstances. The first, which is the only one of the two circumstances relevant here,[4] provides

---

personal jurisdiction in part because the defendant entered an appearance and participated in a case management conference without objecting to the court's personal jurisdiction); *Fed. Deposit Ins. Co. for GulfSouth Private Bank v. Amos*, No. 4:16-CV-284, 2017 WL 2713330, at *1 (M.D. Ga. Feb. 8, 2017) (holding that the defendants' consent to a preliminary injunction, without an objection to the district court's jurisdiction or reservation of the right to contest the district court's jurisdiction, resulted in a waiver of the defendants' right to assert the defense of lack of personal jurisdiction).

[4] A non-resident defendant also submits itself to Florida's general personal jurisdiction by "engag[ing] in substantial and not isolated activity within this state . . . ." Fla. Stat. § 48.193(2). Although the Margiano Defendants spend a great deal of time discussing why they are not subject to Florida's general personal jurisdiction, Plaintiff makes no allegations suggesting that the Margiano Defendants are in fact subject to Florida's general personal jurisdiction. *See*

that a non-resident submits itself to Florida's specific personal jurisdiction by performing any of the acts enumerated in the statute. Fla. Stat. § 48.193(1)(a)(1)-(9). This includes a non-resident defendant who "commit[s] a tortious act within this state." *Id.* § 48.193(1)(a)(2). The Eleventh Circuit has adopted a "broad interpretation" of this provision, concluding that a non-resident defendant commits a tortious act within Florida "when he commits an act *outside* the state that causes *injury within Florida*." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1353-54 (emphasis in original).

As the Margiano Defendants point out, Plaintiff's Amended Complaint does not include a separate section addressing personal jurisdiction. Yet, the Amended Complaint as a whole provides just enough factual material to make out a *prima facie* case that the Margiano Defendants are subject to Florida's long-arm statute. The Amended Complaint alleges that the Margiano Defendants deliberately acted to cause improper interruption to Plaintiff's business, that this interruption caused harm, and that Plaintiff's principal place of business is located in Clearwater, Florida.[5] Doc. 13, ¶¶ 1, 38-43. Together, these allegations establish a *prima facie* showing that the Margiano Defendants committed acts that caused injury within Florida and, accordingly, that the Margiano Defendants are subject to Florida's long-arm jurisdiction.

The Margiano Defendants provide the Declaration[6] of Richard Margiano in support of their Motion. Doc. 50-1. The Declaration provides that Richard Margiano is the sole owner of

---

Doc. 13; Doc. 50; Doc. 51. Because Plaintiff does not suggest the Margiano Defendants are subject to Florida's general personal jurisdiction, the Court does not address the issue.

While on the topic of general personal jurisdiction, the Margiano Defendants also argue that Richard Margiano is insulated from individual personal jurisdiction based on the corporate shield doctrine. Doc. 50, p. 10. However, the corporate shield doctrine is inapplicable where an individual is alleged to have committed an intentional tort. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354-55 (11th Cir. 2013). That is the case here. *See* Doc. 13.

[5] Clearwater, Florida is located within Pinellas County, Florida which is within the jurisdiction of the Middle District of Florida, Tampa Division. *See* http://www.flmd.uscourts.gov/divisions.

[6] Plaintiff argues the "non-notarized 'declaration' of Richard Margiano" is insufficient to "satisfy the Eleventh Circuit's requirement for substantiation of a motion to dismiss for lack of personal jurisdiction." Doc. 51, p. 7. Plaintiff

Margiano, PLLC, that Richard Margiano has never resided in the state of Florida or been licensed to practice law in Florida, that Margiano, PLLC has never been registered in Florida, that Richard Margiano has never conducted business in Florida on an individual basis, that the Margiano Defendants have always conducted their business from a New York office, and that the infringement complaints to Amazon were submitted to Amazon's Washington state legal department. *Id.*, ¶¶ 1-5, 10, 12.

The Declaration provides credible evidence that the Margiano Defendants do not reside in Florida or conduct business from Florida. But the Declaration fails to even suggest that the Margiano Defendants' alleged conduct did not cause harm within Florida. Therefore, the Margiano Defendants' evidence is insufficient to refute Plaintiff's *prima facie* case of personal jurisdiction.

Even if the Margiano Defendants' evidence had been sufficient to refute Plaintiff's *prima facie* case of personal jurisdiction, Plaintiff would prevail on the issue because it substantiates its jurisdictional allegations through evidence of its own. In response to the Margiano Defendant's Motion, Plaintiff cites to the Affidavit of Seth Levy, the principal and sole member of Plaintiff, which was previously filed with the Court as an attachment to Plaintiff's response in opposition to Klhip's motion to transfer. Doc. 51, p. 1 (citing Doc. 32-1). The Affidavit provides that Plaintiff makes "regular and significant sales in the United States District for the Middle District of Florida" and that it has "satisfied no fewer than 4,620 orders for the Klipit in this District" since 2015. Doc. 32-1, ¶ 4. The Affidavit further provides that the injury caused to Plaintiff's business occurred in this District, where Plaintiff's sales of the Klhip were halted during the period of time that Amazon delisted the item due to Defendants' infringement complaints. *Id.*, ¶ 6. Moreover, the Affidavit provides that Plaintiff's "headquarters are in this District, and the resulting economic damages that

---

cites no legal authority in support of this assertion, and the Court finds no cause to disregard the Declaration. *See* 28 U.S.C. § 1746.

befell [it] as a result of [the infringing complaints] with Amazon occurred in this District." *Id.*, ¶ 7.

Drawing all reasonable inferences in favor of Plaintiff, as the Court must, Plaintiff has adequately alleged that the Margiano Defendants' alleged acts caused harm in Florida. Therefore, Plaintiff has adequately alleged specific personal jurisdiction over the Margiano Defendants under Florida's long-arm statute.

2. *Due Process*

A two-part inquiry is used to determine whether the due process clause permits the exercise of personal jurisdiction over a non-resident defendant. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 630 (11th Cir. 1996). First, a court must determine if the defendant has established sufficient "minimum contacts" with the forum state. *Id.* Second, a court must decide whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." *Id.* (internal quotation marks omitted).

    a. Minimum Contacts

To determine whether a defendant has "minimum contacts," a court must assess whether the defendant has "purposefully established such constitutionally significant contact with the state . . . that he could have reasonably anticipated that he might be sued [t]here in connection with those activities." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008). Intentional torts may support the existence of personal jurisdiction over a non-resident defendant who has no other contacts with the forum state. *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)). *See also Brennan v. Roman Catholic Diocese of Syracuse New York, Inc.*, 322 Fed. Appx. 852, 856 (11th Cir. 2009) (holding that the defendant had sufficient minimum contacts with Florida partly because

the plaintiff felt all of his harm from the intentional torts directed at him by the defendant in Florida).

The Eleventh Circuit applies the "effects" test, utilized in *Calder*, to determine whether the defendant in an intentional tort case meets the required minimum contacts with the forum. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221, n. 28 (11th Cir. 2009). That test requires "a showing that the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Id.* A defendant who commits "intentional torts specifically aimed at a Florida resident" satisfies the effects test. *Licciardello*, at 544 F.3d 1287.

Based on the allegations in the Amended Complaint, the Margiano Defendants meet the required minimum contacts. According to the Amended Complaint, the Margiano Defendants, who acted on behalf of or in concert with Plaintiff's competitor, Klhip, acted "deliberately" and "for the purpose of" causing interruption to Plaintiff's business. Doc. 13, ¶¶ 8, 13-43. Each time the Margiano Defendants made an infringement complaint against Plaintiff, Plaintiff's product listing was removed and Plaintiff suffered a loss in sales, including within this District. *Id.*, ¶ 35, 43; Doc. 32-1, ¶ 6. Plaintiff suffered "irreparable harm" to its reputation as a seller. Doc. 13, ¶ 42. And, Plaintiff felt the effects of this harm in Florida, where its business is principally located. Doc. 32-1, ¶ 7. The Margiano Defendants' repeated activities, directed specifically toward Plaintiff, were not so random that they could not anticipate being haled into court in Plaintiff's home state. *See Licciardello*, 544 F.3d at 1288.

b. Fair Play and Substantial Justice

Lastly, the Court must determine whether the exercise of personal jurisdiction over the Margiano Defendants would "offend traditional notions of fair play and substantial justice." *Id.* (internal quotation marks omitted). The Court concludes it would not.

Factors that a court must consider in determining whether exercising personal jurisdiction would offend notions of fair play and substantial justice include the following: the burden on the defendant of defending the suit in the forum state, the forum state's interest in adjudicating the suit, the plaintiff's interest in obtaining effective relief, the interests of the interstate judicial system in using resources efficiently, and the interests of the states in furthering shared substantive policies. *Posner*, 178 F.3d at 1221 (citing *Madara*, 916 F.2d at 1517).

First, where a tort injury is felt in Florida, "Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardello,* 544 F.3d at 1288. Next, the burden to the Margiano Defendants of having to defend a suit in the forum state is mitigated by modern transportation. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957). And, any such burden is apparently minimal in this case, given Richard Margiano's appearance as counsel of record on behalf of Klhip, despite the fact that Klhip maintained other counsel. Doc. 30. Further, any burden to the Margiano Defendants is "offset by the burden" to Plaintiff should it be required to litigate in New York. *Licciardello*, 544 F.3d at 1288. Indeed, the Eleventh Circuit has held that a "Florida plaintiff, injured by the intentional misconduct of a nonresident expressly aimed at the Florida plaintiff, is not required to travel to the nonresident's state of residence to obtain a remedy." *Id.* (citing *Calder*, 465 U.S. at 790).

Finally, the Plaintiff's interest in obtaining effective relief and the interest of the interstate judicial system in using resources effectively point in favor of this Court exercising personal

jurisdiction over the Margiano Defendants. The Amended Complaint alleges that the Margiano Defendants acted on behalf of or in concert with Klhip. Doc. 13, ¶ 8. The Margiano Defendants and Klhip are therefore intertwined[7] in this litigation. Accordingly, the most efficient use of resources would likely be to have all Defendants litigate together in this Court.

### C. Venue is Proper

The Margiano Defendants argue that none of the events giving rise to Plaintiff's claim occurred in this District and, therefore, venue is improper. Doc. 50. The Court previously addressed this issue when it denied Klhip's motion to transfer. Doc. 55. As discussed in that order, venue in this District is proper because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District. *Id.*, pp. 4-6. Accordingly, the Margiano Defendants' Motion to Dismiss on the basis of improper venue is unpersuasive and is due to be denied.

Accordingly, it is **ORDERED**:

1. Richard D. Margiano's and Richard D. Margiano, PLLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 50) is **DENIED.**

2. Richard D. Margiano and Richard D. Margiano, PLLC shall respond to the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Tampa, Florida on September 5, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[7] This is further underscored by the fact that Richard Margiano represented Klhip as legal counsel in this lawsuit. *See, e.g.*, Doc. 11.